IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMMA MARIA BERGE,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-0581 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT'S INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR THE PHILADELPHIA DISTRICT,** *et al.,* | : : : : : : : | |
| | : | |
| Respondents | : | |

**M E M O R A N D U M**

**I.   Background**

Petitioner, Emma Maria Berge, currently detained by the Bureau of Immigration and Customs Enforcement ("ICE") at the York County Prison ("YCP") in York, Pennsylvania, commenced this action, through counsel, with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Respondents are ICE and YCP Warden, Thomas H. Hogan.  Petitioner is challenging her continued detention pending her removal proceedings.  Respondents claim that

Petitioner has failed to exhaust her administrative remedies, and in the alternative, that Petitioner's claim is without merit. The matter is ripe for decision. For the reasons that follow, the petition will be denied.

## II.   Discussion

Although Respondents challenge Petitioner on exhaustion grounds, as well as the merits of Petitioner's claim, the court concludes that the exhaustion claim provides a sufficient basis to dispose of this action, and therefore the court will not address Respondent's challenge to the merits of Petitioner's argument. Petitioner concedes that she has failed to exhaust her administrative remedies through appeal to the Board of Immigration Appeals ("BIA"), but she contends that exhaustion is not required. Petitioner is mistaken. It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Da Rosa Silva v. INS*, 263 F. Supp. 2d 1005, 1008 (E.D. Pa. 2003) (citations omitted). In the context of immigration proceedings, "it is well settled that judicial review is precluded if the alien has failed to avail [herself] of all administrative remedies . . . ." *Asemani v. Gonzales*, 140 Fed.Appx. 368, 373

(quoting *Massieu v. Reno*, 91 F.3d 416, 421 (3d Cir. 1996)). Although exhaustion is excused in limited circumstances, there is nothing in the record to trigger an exception in the instant case. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (Exhaustion is not required where the agency's actions clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedures would be inadequate to prevent irreparable harm); *see also Popal v. Gonzales*, 416 F.3d 249, 253 (3d Cir. 2005) (no BIA appeal required where the issues were denied in prior review).

Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62; *see also Woodford v. Ngo*, No. 05-416, 2006 WL 1698937, at *5 (U.S. June 22, 2006).

Here, Petitioner has an appeal of right to the BIA, which she has not exhausted. Her failure to exhaust the administrative remedy precludes habeas review by this

3

court.  Accordingly, the petition will be dismissed for failure to exhaust administrative remedies.  An appropriate order will issue.

                         s/Sylvia H. Rambo
                         SYLVIA H. RAMBO
                         United States District Judge

Dated:  July 7, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMMA MARIA BERGE,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-0581 |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT'S INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR THE PHILADELPHIA DISTRICT,** *et al.,* | : | |
| | : | |
| Respondents | : | |

## **O R D E R**

**AND NOW,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for failure to exhaust administrative remedies.

2) The Clerk of Court is directed to close the case.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 7, 2006.